# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 15-134V
Filed: June 16, 2017

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | Special Master Sanders |
| AMY LYNN VAKALIS, | * | |
| | * | Attorneys' Fees and Costs; |
| Petitioner, | * | Reasonable Amount Requested. |
| | * | |
| v. | * | |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

Andrew M. Krueger, Krueger & Hernandez, S.C., Middleton, WI, for Petitioner.
Lara A. Englund, United States Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

      On February 10, 2015, Amy Lynn Vakalis ("Petitioner") petitioned for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 (2012).[2] Petitioner alleged that the administration of Gardasil vaccines administered on December 15, 2006; February 12, 2007; and an unrecorded third date of vaccination, caused her to develop premature ovarian failure ("POF" or "POI"). Petition at Preamble, ECF No. 1. On February 7, 2017, the undersigned issued an Order Concluding Proceedings pursuant to the parties' Joint Stipulation of

---

[1] This decision shall be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended, 42 U.S.C. §§ 300aa-10 *et seq.* (2012) (hereinafter "Vaccine Act" or "the Act"). Hereinafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

1

Dismissal. Order Concluding Proceedings, ECF No. 31.

On June 5, 2017, Petitioner filed an application for attorneys' fees and costs. Petitioner requested attorneys' fees in the amount of $25,817.60 and attorneys' costs in the amount of $2,251.42. *See* Pet'r's Mot. Att'ys' Fees and Costs, ECF No. 35. Respondent indicated that "[t]o the extent the Special Master is treating [P]etitioner's request for attorneys' fees and costs as a motion that requires a response from [R]espondent . . . Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Resp't's Resp. at 2 (June 6, 2017), ECF No. 36. Respondent recommended that the undersigned exercise her discretion and determine a reasonable award for attorneys' fees and costs. *Id.* at 3. Petitioner filed a reply shortly thereafter reiterating her argument for an award of attorneys' fees and costs. Pet'r's Reply (June 6, 2017), ECF No. 37.

The undersigned has reviewed Petitioner's counsel's detailed records of time and expenses incurred in this case, and they are reasonable.[3] In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), the undersigned finds that Petitioner is entitled to attorneys' fees and costs. **Accordingly, the undersigned hereby awards the amount of $28,069.02,[4] in the form of a check made payable jointly to Petitioner and Petitioner's counsel, Andrew M. Krueger, of Krueger & Hernandez, S.C.** In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

> s/Herbrina D. Sanders
> Herbrina D. Sanders
> Special Master

---

[3] The undersigned finds the requested rates of attorneys Mark Krueger and Andrew Krueger, as well as paralegal Renee Nehring, reasonable. Furthermore, these rates are consistent with the rates recently awarded by other special masters in the program. *See Herrera v. Sec'y of Health & Human Servs.*, No. 15-651V, 2017 WL 1459002 (Fed. Cl. Spec. Mstr. Mar. 29, 2017); *Rivera v. Sec'y of Health & Human Servs.*, No. 15-487V, 2017 WL 2460690 (Fed. Cl. Spec. Mstr. Apr. 20, 2017).

[4] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

[5] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).